UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH LEMAR JR. (#383853)

VERSUS                                          CIVIL ACTION

JAMES M. LEBLANC, ET AL                         NUMBER 12-340-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 22, 2012.

                                 STEPHEN C. RIEDLINGER
                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH LEMAR JR. (#383853)

VERSUS                                                CIVIL ACTION

JAMES M. LEBLANC, ET AL                               NUMBER 12-340-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Warden Burl Cain, Dr. Lavespere, Dr. Collins, Dr. Roundtree, Dr. MacMurdo[1] and an unidentified Infection Control Department Supervisor. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

---

[1] This defendant is also identified as Dr. McMurdo in the body of the complaint.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on August 12, 2011, he was involved in a fight with another inmate during which human waste was thrown on him. Plaintiff alleged that following the incident he was examined by medical personnel and blood tests were performed in accordance with prison protocol.

Plaintiff alleged that on August 16, 2011, Dr. Lavespere and Dr. Roundtree learned that the plaintiff tested positive for Hepatitis A Virus but they failed to inform him of the results.

Plaintiff alleged that on October 9, 2011, he submitted a sick call request form complaining that for the previous two weeks he

2

was experiencing a desire to vomit after each meal. Plaintiff alleged that he was issued a prescription for Pepto-Bismol® and was charged a $2.00 prescription fee and a $3.00 medical access fee. Plaintiff alleged that Dr. Collins reviewed his complaint but did not personally examine him or discuss his medical condition with him.

Plaintiff alleged that on October 11, 2011, a social worker advised him that the HIV/Aids test results was negative.

Plaintiff alleged that on October 23, 2011, he sought sick call complaining that he was vomiting every two or three days and was experiencing difficulty keeping his food down. Plaintiff alleged that Dr. MacMurdo reviewed the sick call complaint and scheduled the plaintiff for an appointment at the physician's clinic.

Plaintiff alleged that an Emergency Medical Technician ("EMT") will not examine an inmate unless he has submitted a sick call form. Plaintiff alleged that the form is completed by the EMT outside the inmate's presence and the inmate is not informed about the planned course of treatment or whether he will be assessed a fee for the medical treatment.

Plaintiff alleged that on November 13, 2011, he made sick call complaining that he was vomiting at least once each week for the previous month. Plaintiff alleged that Dr. MacMurdo reviewed the sick call complaint and instructed the plaintiff to keep his

physician's clinic appointment and to consult with sick call as needed. Plaintiff alleged that Dr. MacMurdo did not consult with him in person.

Plaintiff alleged that on November 15, 2011, he was examined by Dr. MacMurdo. Plaintiff alleged that Dr. MacMurdo told him he suffered from acid reflux disease and that he tested positive for Hepatitis A Virus. Plaintiff alleged that he was prescribed Prilosec® for the acid reflux disease. Plaintiff alleged that Dr. MacMrudo did not state whether the chronic vomiting was caused by hepatitis.

Plaintiff alleged that on November 20, 2011, he sought sick call complaining that he had not received the medication prescribed by Dr. MacMurdo on November 15. Plaintiff alleged that Dr. MacMurdo reviewed the sick call complaint and reordered the Prilosec®. Plaintiff alleged that Dr. MacMurdo did not meet with him personally. Plaintiff alleged that he received omeprazole rather than Prilosec®.

Plaintiff alleged that on December 15, 2011, he filed a sick call request complaining that he vomited that morning and the medication to treat his acid reflux disease was ineffective. Plaintiff alleged that Dr. MacMurdo reviewed the sick call request and modified the Prilosec® dosage. Plaintiff alleged that Dr. MacMurdo did not meet with him personally.

Plaintiff alleged that on December 28, 2011, the plaintiff

filed a sick call request complaining that although he was prescribed omeprazole and Peto-Bismol® he continued to experience daily stomach pain and he did not receive any treatment for hepatitis A. Plaintiff alleged that no course of action was charted on his medical documents but he was charged a medical access fee.

Plaintiff alleged that on February 2, 2012, he requested sick call complaining that he continued to experience vomiting and nausea that he believed are related to hepatitis A.

On February 27, 2012, he was examined by Dr. Toce at the Physician's Clinic. Plaintiff alleged that Dr. Toce informed him about Hepatitis A and scheduled laboratory tests.

Plaintiff alleged that on March 26, 2012, he requested sick call complaining that the lab work ordered by Dr. Toce had not been conducted. Plaintiff alleged that the EMT did not chart a course of action in his medical records.

Plaintiff alleged that on December 30, 2011, he sent a letter to Dr. Roundtree seeking information regarding his medical condition and treatment. Plaintiff alleged that he did not receive a response.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285

(1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, *supra; Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

It is abundantly clear from the allegations in the complaint that the plaintiff received an abundance of medical treatment. Plaintiff's dissatisfaction with the treatment he received is not sufficient to establish a constitutional violation.

Plaintiff named Secretary LeBlanc and Warden Cain as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Secretary Le Blanc and Warden Cain are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Because it is clear that the plaintiff's complaint has no arguable basis in fact and in law, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), without prejudice to any state law claim, and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), without prejudice to any state law claim, and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, August 22, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE